IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES ALAN CHALLENOR**                           **PLAINTIFF**

**v.**                         **CIVIL ACTION NO. 1:19-CV-110-HSO-JCG**

**JACKSON COUNTY, et al.**                        **DEFENDANTS**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is a prisoner suit filed pursuant to 42 U.S.C. § 1983 by Plaintiff Charles Alan Challenor. Plaintiff filed this suit *pro se* and *in forma pauperis* on February 27, 2019 while housed at the Jackson County Adult Detention Center. Plaintiff has failed to prosecute and obey the orders of the Court; therefore, the undersigned recommends that the Complaint be dismissed without prejudice.

### DISCUSSION

Plaintiff filed suit against the Jackson County Adult Detention Center, alleging that he received inadequate medical care and was subjected to unconstitutional conditions of confinement while a pretrial detainee (ECF No. 1). He later added Jackson County and Doctor Unknown Coulter as Defendants (ECF No. 12), while the Detention Center was dismissed (ECF No. 14). He seeks compensation for his anguish and pain and suffering and payment of his lifetime medical expenses.

Because Defendants raised the affirmative defense of failure to exhaust administrative remedies, the Court set a deadline for Defendants to file motions based on failure to exhaust. Jackson County filed a Motion to Dismiss (ECF No. 34)

1

on November 20, 2019, and a Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies (ECF No. 37) on December 2, 2019. Defendant Coulter joined in the Motion to Dismiss (ECF No. 36). After Plaintiff failed to file a response to either Motion, the Court entered an Order to Show Cause (ECF No. 41) on January 3, 2020. Plaintiff's response was due on or before January 27, 2020. After Plaintiff failed to reply, the Court entered a Second Order to Show Cause (ECF No. 42) on February 6, 2020. Plaintiff's response was due on or before February 27, 2020. To date, Plaintiff has not responded to either Order to Show Cause or either Motion.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent

prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNARSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the undersigned finds a clear record of delay and contumacious conduct by Plaintiff. Plaintiff has not responded to the Motion to Dismiss (ECF No. 34) or the Motion for Summary Judgment (ECF No. 37), nor has he responded to either of the Court's Orders to Show Cause (ECF Nos. 41 & 42). Plaintiff was repeatedly warned that his failure to abide by the Court's Orders or to advise the Court of a change of address would be deemed a purposeful and contumacious act by him that would result in the case being dismissed (ECF Nos. 3, 7, 8, 15, 41, & 42). Mail sent to the Plaintiff from the Court has been returned undeliverable five times (ECF Nos. 13, 17, 18, 32, & 43). Defendants have indicated that documents they sent to the Plaintiff have been returned six times (ECF Nos. 24, 25, 27, 33, 39, & 40). It is presumed that Plaintiff is no longer interested in pursuing this case. He has not filed a pleading or otherwise corresponded with the Court since April 15, 2019 (ECF No. 11). Lesser sanctions than dismissal would not prompt diligent prosecution.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 4th day of March, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE